United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                          Case No. 17-11285-ref
Luis A. Gonzalez                                               Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4        User: Lisa            Page 1 of 1              Date Rcvd: May 31, 2018
                           Form ID: pdf900       Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 02, 2018.
db            +Luis A. Gonzalez,    272 Ridgeview Drive,    Albertis, PA 18011-9343

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr           +E-mail/PDF: gecsedi@recoverycorp.com Jun 01 2018 03:13:14      Synchrony Bank,
               c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                             TOTAL: 1

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 02, 2018                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 31, 2018 at the address(es) listed below:
          AMANDA LAUREN KURECIAN    on behalf of Debtor Luis A. Gonzalez tlightner@lightnerlaw.com,
            r50447@notify.bestcase.com
          FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,   ecf_frpa@trustee13.com
          KEVIN G. MCDONALD    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com
          LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
            ecf_frpa@trustee13.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com
          THOMAS L. LIGHTNER    on behalf of Debtor Luis A. Gonzalez tlightner@lightnerlaw.com,
            sbennett@lightnerlaw.com;lightnertr50447@notify.bestcase.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                             TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Luis A. Gonzalez d/b/a Duke's Lacrosse Academy<br>Debtor | CHAPTER 13 |
| NATIONSTAR MORTGAGE LLC<br>Movant<br>vs. | NO. 17-11285 REF |
| Luis A. Gonzalez d/b/a Duke's Lacrosse Academy<br>Debtor | |
| David Alan Eisenberg Esq.<br>Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$8,084.73**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 1, 2018 to May 1, 2018 at $1,413.17/month |
| Suspense Balance: | $12.12 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$8,084.73** |

2.    The Debtor shall cure said arrearages in the following manner:

a).  Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$8,084.73**.

b).  Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$8,084.73** along with the pre-petition arrears;

c).  The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.    Beginning with the payment due June 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,413.17 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.    Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.    In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.    If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    May 18, 2018                    By: /s/ Kevin G. McDonald, Esquire
                                         Kevin G. McDonald, Esquire

Date: 5-22-18

                                         Amanda Lauren Kafrecian, Esquire
                                         Thomas L. Lightner, Esquire
                                         Attorneys for Debtor

Date: 5/24/18

                                         Frederick L. Reigle
                                         Chapter 13 Trustee

Approved by the Court this **31** day of **May**, 2018. However, the court retains discretion regarding entry of any further order.

                                         Bankruptcy Judge
                                         Richard E. Fehling